Cui v. Holder

BIA
Chew, IJ
A087 638 697

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand thirteen.

PRESENT:

REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

SONG ZHU CUI,
        *Petitioner,*

        v.                                      12-5055
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Terri J. Scadron,
                       Assistant Director; Colin J. Tucker,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Song Zhu Cui, a native and citizen of the People's Republic of China, seeks review of a November 30, 2012 decision of the BIA affirming the May 5, 2011 decision of Immigration Judge ("IJ") George T. Chew, denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Zhu Cui*, No. A087 638 697 (B.I.A. Nov. 30, 2012), *aff'g* No. A087 638 697 (Immig. Ct. N.Y. City May 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed "both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

We find no error in the agency's denial of asylum and withholding of removal based on Cui's failure to demonstrate

a nexus between the harm she suffered and fears and a protected ground.  To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of J-B-N- and S-M-*, 24 I. & N. Dec. 208, 213 (B.I.A. 2007); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010).

Under certain circumstances, retaliation for opposition to endemic government corruption may constitute persecution on account of political opinion. *See Ruqiang v. Holder*, 693 F.3d 294, 298 (2d Cir. 2012). But a petitioner must prove that a persecutor acted out of more than a personal interest in benefitting from corruption; the question is "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2005). Moreover, an applicant must show that the government played a role in the alleged persecution by proving either that a government agent committed the alleged acts, or that the

"the government has proved unwilling to control" a private actor. *Aliyev v. Mukasey,* 549 F.3d 111, 116 (2d Cir. 2008)(quotation marks omitted).

Here, the IJ found that the petitioner failed to establish "that the corruption that she exposed was directly related to any governmental functions . . . [or that] the people who attacked her or who attacked her husband were anywhere [sic] related to any governmental authorities." *Special App'x* at 10. In addition, the IJ noted that the petitioner testified that the police tried to apprehend her attackers, but told her they were "unable to find the attackers." *Id.* at 8. The BIA upheld these findings, and agreed with the IJ that Cui failed to demonstrate that her mistreatment was on account of her political opinion, or that her attacks had some connection to government authorities. Upon review of the record, we conclude that these findings were supported by substantial evidence.

Accordingly, because the agency reasonably determined that Cui failed to demonstrate a nexus between the harm she suffered or feared and a protected ground, the agency did not err in denying her asylum and withholding of removal, and we need not consider her additional challenges to the

4

agency's denial of those forms of relief.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).  We further note that Cui does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  Cui's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5